UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. O'CONNELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:05CV1824 (CEJ) |
| ) | |
| PAUL WATSON CONTRACTING, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment. The Clerk of Court entered default against defendant on January 10, 2006.

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., and the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141 et seq. The individual plaintiffs are the ten trustees of the Plumbers and Pipefitters Welfare Educational Fund, Plumbers and Pipefitters Pension Fund, and Local 562 Plumbers and Pipefitters Supplemental Pension Plan and Trust (collectively "Funds"). As such, they are "fiduciaries" as defined by ERISA, 29 U.S.C. § 1002(21)(A). Plaintiff Local Union 562 Plumbers and Pipefitters Association ("Union") is a labor organization within the meaning of LMRA, 29 U.S.C. § 152(5). The Union represents employees in an industry affecting commerce within the meaning of the LMRA. See 29 U.S.C. §§ 152(7), 185. Defendant Paul Watson Contracting, LLC, is a party to a collective bargaining agreement with the Union.

Plaintiffs contend that defendant failed to make timely contributions to the Funds as required under the terms of the collective bargaining agreement. They seek $39,388.28 in delinquent contributions, $840.00 in liquidated damages, $4,921.96 in interest, $2,432.04 in union dues, and $902.20 in attorneys' fees and costs.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorneys' fees, and costs. 29 U.S.C. § 1132(g). Defendant and the Union entered into a collective bargaining agreement which remains in effect until June 30, 2010. Under the agreement, the defendant is required to make monthly reports and payments to the Funds for each covered employee. The defendant is also subject to liquidated damages and interest for untimely payments plus attorneys' fees and costs incurred in recovering those damages. The agreement holds delinquent employers liable for "liquidated damages equal to $2.00 for each day of delinquency up to a maximum of $40.00 for any one (1) month of delinquency, plus two (2%) percent per month, or any fraction of a month, of the unpaid amount starting from the first day of such delinquency and ending when such delinquency is paid in full."

Plaintiffs submit evidence in the form of the collective bargaining agreement, employer reports, and a chart summarizing defendant's delinquent contributions for the months of April, May,

and June 2005.  Plaintiffs also submit the affidavits of Terry Flynn, executive director of the welfare and pension funds, and Greg A. Campbell, plaintiffs' attorney.

In his affidavit, Flynn states that defendant has submitted monthly reports for the months of April, May, and June 2005, but has failed to pay the amounts owed as reflected on those reports. Flynn further states that the Union has information that defendant had two employees performing work during September and October 2005. The contributions owed for these two employees total $5,235.20. Flynn's affidavit, plaintiffs' chart, and the summary reports reflect the contributions, liquidated damages, and interest amounts defendant owes plaintiffs for April, May, and June 2005. The Court will grant $34,153.08 in delinquent contributions, $840.00 in liquidated damages, $4,921.96 in interest, and $2,432.04 in union dues for these months, for a total of $42,347.08.

However, there is insufficient evidence to support plaintiffs' request for $5,235.20 in delinquent contributions for September and October 2005. In his affidavit, Flynn simply states that the Union has "information" that two employees worked for defendant during these months. Plaintiffs do not submit and documents supporting this statement nor do they describe the information on which Flynn relied.  Therefore, the Court will grant the request for contributions for the months of September and October 2005.

In his affidavit, Campbell states that his hourly billing rate for lawyer services in federal court delinquency matters is $145.00 and that he spent 1.8 hours working on this case. The hourly billing rate for legal assistant services in these matters is

$75.00 per hour, and legal assistant Alice Divinny spent 1.7 hours working on this case. Campbell asserts that plaintiffs will be billed $388.50 for legal services, $250.00 for court costs, and $263.70 for special process service fees, for a total of $902.20. The amounts requested are reasonable and will be awarded to the plaintiffs. See 28 U.S.C. §§ 1132(g), 1920.

Based upon its review of the record, the Court concludes that plaintiffs are entitled to default judgment against defendant Paul Watson Contracting, LLC, in the amount of $43,249.28.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment against defendant Paul Watson Contracting, LLC, [#7] is **granted**.

**IT IS FURTHER ORDERED** that default judgment will be entered in favor of plaintiffs and against defendant Paul Watson Contracting, LLC, in the amount of $43,249.29.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT COURT

Dated this 23rd day of February, 2006.